UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALEXANDER GALVAN, and | ) | |
| RAUL OCHOA, | ) | |
| | ) | |
| Plaintiffs, | ) | No. |
| | ) | |
| vs. | ) | Judge |
| | ) | Magistrate Judge |
| CITY OF CHICAGO, | ) | |
| CARMEN LOPEZ, | ) | |
| ROGELIO MARTINEZ, and | ) | |
| JOHN DOES 1-10, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and statutes of the State of Illinois.

2. Jurisdiction for Plaintiffs' federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiffs' state claim is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**Parties**

4. Plaintiff Raul Ochoa is 40 years old.

5. Raul is a full-time truck driver for HCFAB trucking in Lemont, Illinois.

6. Plaintiff Alex Galvan is 41 years old.

7. Alex is a pastor for Lord of Lights Worship Center in Chicago, Illinois.

8. Plaintiffs reside in Chicago.

9. Defendant-Officers CARMEN LOPEZ (Star 6644) and ROGELIO MARTINEZ (Star 17099) are duly appointed and sworn Chicago Police Officers.

10. John Does 1-10 are duly appointed and sworn Chicago police officers whose identity are currently unknown. Upon learning their true identity in discovery, Plaintiffs will seek

leave of Court to amend the Complaint.

11. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

12. The Defendant-Officers are sued in their individual capacities.

13. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

## Facts

14. Plaintiffs are friends and neighbors.

15. On or about April 26, 2013, in the evening, Alex was not feeling well.

16. Raul offered to drive Alex to get some soup at Ponciltan restaurant, located at or near Roscoe and Cicero in Chicago, Illinois.

17. Raul pulled up in front of Ponciltan restaurant.

18. A Chicago police car pulled up and blocked Raul's car.

19. Officers Martinez and Lopez exited the vehicle and approached Raul's car.

20. Martinez and Lopez asked Plaintiffs to provide identification.

21. Plaintiffs complied.

22. Martinez and Lopez interrogated Raul and Alex. They asked why the door panel on Raul's car was broken and where the drugs were.

23. Plaintiffs responded saying they were not doing anything wrong and that they had no drugs in the car.

24. Plaintiffs explained they were just out to get soup for Alex because he was sick.

25. Plaintiffs asked why they were being stopped and interrogated.

26. Martinez and Lopez did not provide a valid reason for the stop.

27. Martinez and Lopez asked to search the car.

28. Martinez and Lopez did not have legal grounds to search the car.

29. Plaintiffs did not consent to a search.

30. Martinez and Lopez did not like that Plaintiffs were asserting their rights.

31. Another squad car arrived on the scene.

32. Plaintiffs were ordered out of the car.

33. Plaintiffs complied.

34. Plaintiffs were ordered to put their hands on the car.

35. Plaintiffs complied.

36. While Plaintiffs' hands were on the car, Defendant-Officers searched inside Plaintiffs' underwear and grabbed and fondled Plaintiffs' genitals.

37. Defendant-Officers did not have reasonable suspicion, probable cause, or any other legal justification to search Plaintiffs.

38. Plaintiffs felt violated and embarrassed to have their underwear and private areas searched and exposed in the middle of the street.

39. Ponciltan restaurant is in a very public area and bystanders were watching.

40. Defendant-Officers ridiculed Plaintiffs and laughed at their embarrassment.

41. Defendant-Officers did not find any contraband or evidence of criminal activity on Plaintiffs.

42. Defendant-Officers then searched Raul's car without consent.

43. Defendant-Officers did not find any contraband or evidence of criminal activity in Raul's car.

44. The seizure and humiliating search of the Plaintiffs lasted approximately 30 minutes.

45. As a direct and proximate result of the acts of the Defendant-Officers described above, Plaintiffs suffered damages including loss of physical liberty, loss of time, physical pain and suffering, and emotional distress.

## COUNT I
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

46. Plaintiff Raul Ochoa realleges paragraphs 1 through 45 as if fully set forth herein.

47. Defendant-Officers searched Plaintiff Ochoa in a humiliating manner, including inside his underwear.

48. Defendant-Officers had no legal justification to search Plaintiff.

49. Searching Plaintiff without probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff Ochoa asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT II
### (42 U.S.C. § 1983 – Unreasonable Search of Person)

50. Plaintiff Alexander Galvan realleges paragraphs 1 through 45 as if fully set forth herein.

51. Defendant-Officers searched Plaintiff Galvan in a humiliating manner, including inside his underwear.

52. Defendant-Officers had no legal justification to search Plaintiff.

53. Searching Plaintiff without probable cause or any other legal justification violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff Galvan asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

### COUNT III
### (42 U.S.C. § 1983 – Unreasonable Search of Car)

54. Plaintiff Ochoa realleges paragraphs 1 through 45 as if fully set forth herein.

55. Defendant-Officers searched Plaintiff Ochoa's car.

56. Defendant-Officers did not have reasonable suspicion, probable cause, consent, or any other legal justification to search Plaintiff's car.

57. Searching Plaintiff's car without legal justification violated Plaintiff's Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable searches.

WHEREFORE, Plaintiff Ochoa asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,

b) Award Plaintiff compensatory and punitive damages,

c) Award attorneys' fees and costs, and

d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

58. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

59. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiffs ask that this Honorable Court order Defendant CITY OF CHICAGO to indemnify the Defendant-Officers for any judgment for compensatory damages in this case arising from their actions.

**Jury Trial Demanded**

        Respectfully submitted,

        /s/ Lawrence Jackowiak
        *Counsel for Plaintiff*

        /s/ Sara Garber
        *Counsel for Plaintiff*

Lawrence Jackowiak
Sara Garber
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595